IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARY S. SPIVEY,           )
                          )
    Plaintiff,            )
                          )
    v.                    )   CIV. ACT. NO. 2:16-cv-479-CSC
                          )            (WO)
NANCY A. BERRYHILL,       )
ACTING COMMISSIONER OF    )
SOCIAL SECURITY,          )
                          )
    Defendant.            )

**MEMORANDUM OPINION**

**I. Introduction**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3).[2] Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II. Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

To make this determination[3] the Commissioner employs a five step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

---

[2] Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must, however,] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

---

[4]*McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

### III.  The Issues

**A.  Introduction.**  The plaintiff was 45 years old at the time of the hearing before the ALJ and has a 12th grade education.  (R. at 40-41)  The plaintiff's prior work experience includes work as a bookkeeper, receptionist and order clerk.  (R. at 28)  Following the administrative hearing, the ALJ concluded that the plaintiff has impairments of degenerative disc disease, degenerative joint disease (right knee and right shoulder), peptic ulcer, obesity, hypertension, and migraines.  (R. at 21)  Nonetheless, the ALJ concluded at Step 4 of the sequential evaluation process that the plaintiff was not disabled because she has the residual functional capacity to perform her prior sedentary work. (R. at 28)

**B.  The Plaintiff's Claims.**  As stated by the plaintiff, she present four claims for the court's review:

>   1.  The Commissioner's decision should be reversed because the ALJ erred by failing to properly reject Ms. Spivey's testimony prior to issuing his unfavorable decision.
>
>   2.  The Commissioner's decision should be reversed because the ALJ failed to properly evaluate Ms. Spivey's Chronic Pain Syndrome in accordance with Social Security Ruling 03-02p.
>
>   3.  The Commissioner's decision should be reversed because the ALJ failed to properly consider the side effects of Ms. Spivey's prescribed medications upon her ability to work.
>
>   4.  The Commissioner's decision should be reversed because the ALJ made internally inconsistent administrative findings that prevent the support of substantial evidence.

(Doc. # 12, Pl's Br. At 3)

## IV. Discussion

**A. Introduction.** A disability claimant bears the initial burden of demonstrating an inability to return to her past work. *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990). In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and her family or friends; and (4) the claimant's age, education, and work history. *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983). The ALJ must conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review. *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981). The ALJ must also state, with sufficient specificity, the reasons for his decision referencing the plaintiff's impairments.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.*

42 U.S.C. § 405(b)(1) (emphases added). Within this analytical framework, the court will address the plaintiff's claims.

**B. The Plaintiff's Credibility.** In this case, the ALJ made this general finding:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

(R. at 23)

The plaintiff claims this conclusion was error. When a Social Security claimant attempts to prove disability based on her subjective complaints, she must provide evidence of an underlying medical condition and either objective medical evidence confirming the severity of her alleged symptoms or evidence establishing that her medical condition could be reasonably expected to give rise to her alleged symptoms. *See* 20 C.F.R. § 416.929(a), (b); *Wilson v. Barnhart*, 284 F.3d 1219, 1225–26 (11th Cir. 2002). If the objective medical evidence does not confirm the severity of the claimant's alleged symptoms but the claimant establishes that she has an impairment that could reasonably be expected to produce her alleged symptoms, the ALJ must evaluate the intensity and persistence of the claimant's alleged symptoms and their effect on her ability to work. *See* 20 C.F.R. § 416.929(c), (d); *Wilson*, 284 F.3d at 1225-26. This entails the ALJ determining a claimant's credibility with regard to the allegations of pain and other symptoms. *See id.* The ALJ must "[explicitly articulate] the reasons justifying a decision to discredit a claimant's subjective pain testimony." *Moore v. Barnhart*, 405 F.3d 1208, 1212 n.4 (11th Cir. 2005). When the reasoning for discrediting is explicit and supported by substantial evidence, "the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).

In this case, the ALJ considered all of the plaintiff's medical evidence as well as the opinion of her treating physician, the consulting physician examination and the conclusions of the Social Security medical consultant. In addition, the ALJ considered the plaintiff's daily activities. Based on all of that, the ALJ said

6

> In evaluating the totality of evidence in this case, the claimant's subjective allegations of record regarding her symptoms and limitations exceed the minimal objective findings of abnormality documented in the medical evidence. A DDS Medical Consultant concluded the claimant could work with some limitations. The undersigned does find that the claimant has the ability to perform sedentary level work, though with certain significant limitations as outlined in the above-announced residual functional capacity assessment.

(R. at 27)

The court has carefully reviewed the record in this case and concludes that the ALJ's reasons for discrediting the magnitude of the plaintiff's subjective complaints are explicit and supported by substantial evidence. Several of the plaintiff's arguments warrant further discussion.

Spivey argues that two of the ALJ's statements to the effect "that the objective evidence shows the Ms. Spivey's medically determinable back condition is not as severe as she alleges inappropriately requires Ms. Spivey to objectively confirm the pain she alleges." (Doc. # 12 at 7) This is a mischaracterization of the ALJ's conclusions. He did not require Spivey to bring forth objective evidence of pain. Rather, he first found that her conditions reasonably could produce pain but, based on his review of all the evidence, concluded that her allegations of disabling pain were not credible.

When considering the plaintiff's activities of daily living, the ALJ said that those activities were "not suggestive of disabling incapacity." (R. at 27) Spivey contends that was error because she is not required to show complete incapacitation to be deemed credible. Spivey's parsing of the ALJ's choice of words is not persuasive. The ALJ

considered Spivey's daily activities as a part of the evidence he relied upon to find that she was not fully credible.

Spivey also argues that the ALJ failed to consider Spivey's poverty in making his credibility findings.

> Moreover, the ALJ noted that Ms. Spivey received "conservative medical treatment through [medication] at Health Services" (Tr. 25). In issuing his attempted reasons for his negative credibility finding, the ALJ also noted that Ms. Spivey's "allegation of disability [was] simply disproportionate to what the medical record demonstrates" (Tr. 27). In so finding, the ALJ failed to consider or evaluate Ms. Spivey's poverty on her ability to receive adequate medical care for her medically determinable impairments.

(Doc. # 12 at 8)

In *Dawkins v. Bowen*, 848 F. 2d 1211, 1213 (11th Cir. 1988), the Eleventh Circuit held that where a claimant cannot afford a prescribed treatment and cannot otherwise obtain the treatment, noncompliance with the prescribed treatment is excused. But the ALJ did not find Spivey lacked credibility because she did not seek or comply with her treatment. Rather, the ALJ found that her treatment was "conservative." In other words, the ALJ considered the *type* of treatment Spivey received, not its *frequency* or her compliance. There was no *Dawkins, supra,* error.

**C. Chronic Pain Syndrome.** Spivey contends that the Commissioner's decision should be reversed because the ALJ failed to properly evaluate Ms. Spivey's Chronic Pain Syndrome in accordance with Social Security Ruling 03-02p. Spivey is correct that SSR 03-02p states that if

> the evidence is inadequate to determine whether the individual is disabled, . . . [the ALJ] must first recontact the individual's treating or other medical

source(s) to determine whether the additional information needed is readily available . . .

Two physicians diagnosed Spivey with chronic pain syndrome. In his opinion, the ALJ considered the question of chronic pain syndrome.

> The claimant received conservative medical treatment through mediation (sic) at Health Services. On November 20, 2013, the claimant complained of vomiting and back pain. She was diagnosed with Chronic Pain Syndrome. However, her musculoskeletal examination was normal (Exhibit 13F, Pages 9-11). In evaluating this case, the claimant's chronic pain was considered. According to SSR 03-02p, Chronic Pain Syndrome is characterized by trauma from a single extremity. It can also result from diseases, surgery, or injury affecting other parts of the body. The most common acute clinical manifestations include complaints of intense pain and findings indicative of autonomic dysfunction at the site of the precipitating trauma. Symptoms are typically persistent, burning, aching, or searing pain that is initially localized to the site of the injury, which results in impaired mobility of the affected region. Chronic Pain Syndrome is not a listed impairment as the limitations based on pain reported by the claimant are not substantiated by the objective evidence in file. In this case, the doctor did not provide detailed information to support the conclusion that the claimant has Chronic Pain Syndrome. The doctor did note the claimant had a gait disturbance, numbness in extremities, back pain, and joint swelling. However, the doctor's assessment of chronic pain seems to be based primarily on the claimant's self-report instead of a physical examination.
>
> \* \* \* \*
>
> Aaron Shinkle, M.D., also provided conservative treatment through medication for the claimant for her musculoskeletal conditions including lumbago and lumbar radiculitis/failed back. The doctor also diagnosed the claimant with headaches. Additionally, the claimant was diagnosed with Chronic Pain Syndrome (Exhibit 14F). In contrast to the claimant's diagnosis of Chronic Pain Syndrome from Health Services, Dr. Shinkle indicated tenderness at the claimant's spine and facet joint and decreased flexion, decreased extension, and decreased lateral bending. However, Dr. Shinkle also noted that the claimant's gait and station were normal. The claimant also had a normal motor examination (Exhibit 14F, Page 3). Thus, although Dr. Shinkle provides more information in assessing the claimant's Chronic Pain Syndrome, he still does not indicate with specific details the

9

> extent of the claimant's decreased flexion, extension, and lateral bending in order to justify a diagnosis of Chronic Pain Syndrome.

(R. at 25-26)

The ALJ found Spivey was not entitled to benefits because she could return to her prior work. A Social Security claimant bears the burden of establishing inability to perform her previous work. *Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990).

> A diagnosis of RSDS/CRPS requires the presence of complaints of persistent, intense pain that results in impaired mobility of the affected region. The complaints of pain are associated with:
>
> - Swelling;
> - Autonomic instability—seen as changes in skin color or texture, changes in sweating (decreased or excessive sweating), skin temperature changes, or abnormal pilomotor erection (gooseflesh);
> - Abnormal hair or nail growth (growth can be either too slow or too fast);
> - Osteoporosis; or
> - Involuntary movements of the affected region of the initial injury

(SSR 03-02p)

The ALJ found that the evidence did not support the diagnosis. It was the responsibility of Spivey to produce sufficient evidence to support a diagnosis of chronic pain syndrome. The evidence does not suggest she meets the diagnostic criteria specified in the SSR and does not suggest that additional information would change that conclusion. The ALJ did not err.

**D. Medication Side Effects.** Spivey contends that the ALJ failed to properly consider the side effects of her prescribed medications upon her ability to work. At the hearing before the ALJ, Spivey testified that her medications make her sleepy and affects

her ability to concentrate. (R. at 47) Spivey argues that this case must be remanded to the Commissioner because "the ALJ failed to make an administrative finding regarding the medication side effects . . . " (Doc. # 12 at 12) However, the ALJ did consider the side effects of Spivey's medications. "In determining the claimant residual functional capacity, the undersigned also considered the impact of other factors, such as the effects of the claimant's medications." (R. at 28) In conjunction with the ALJ's credibility findings, the court finds no error.

**E. Internally Inconsistent Findings.** Spivey contends that "the Commissioner's decision should be reversed because the ALJ made internally inconsistent administrative findings that prevent the support of substantial evidence." (Doc. # 12 at 12) This argument is premised on the general requirement that it is the responsibility of an ALJ to resolve conflicts, inconsistencies or ambiguity in the administrative record. *See e.g., Hudson v. Heckler*, 755 F.2d 781, 785 (11th Cir. 1985). Spivey argues as follows:

> the ALJ himself created the inconsistency by first assigning great weight to Dr. Robertson's medical consultant opinion even though he himself found that Ms. Spivey had significantly more limitations than assessed by Dr. Robertson (Tr. 27).

(Doc. # 12 at 13)

The short answer to this argument is that there is no inconsistency. The ALJ did give great weight to the consultant's opinion, but nonetheless chose to find residual functional capacity limitations greater than what the consultant found.

> [M]ore weight is given to the consultant's opinion that than of Dr. Solomon. However, considering the claimant's history of back pain and ongoing abdominal complaints, the undersigned finds the limitations cited in the above-announced residual functional capacity assessment more reasonable

for the claimant in that it more reasonably accommodates the claimant's complaints of problems with lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, and stair climbing. Furthermore, given the above complaints, the claimant's residual functional capacity is reduced to the sedentary level.

(R. at 27)

Frankly, it is odd that the plaintiff wants to assign error for an ALJ giving her the benefit of the doubt concerning the limitations caused by her impairments. That leniency is not error.

## V. Conclusion

The court has carefully and independently reviewed the record and concludes that the decision of the Commissioner is supported by substantial evidence and is due to be affirmed. Thus, this case will be dismissed with prejudice.

A separate order will issue.

Done this 21st day of September, 2017.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE